F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
E-mail: jlujan@nevadafirm.com
HOLLEY DRIGGS
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone:    702/791-0308

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BEDROC LIMITED, LLC, a Nevada limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation,<br><br>        Defendant. | CASE NO.:<br><br>**COMPLAINT** |

Bedroc Limited, LLC ("Plaintiff") by and through its attorneys of the law firm of Holley Driggs, complains against Defendant Everest National Insurance Company ("Defendant") as follows:

### Jurisdiction and Venue

1.     The Court has personal jurisdiction over the Defendant because the Defendant conducted business in Nevada and engaged in the wrongful conduct complained of herein in Nevada.

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because of diversity of citizenship.  The amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff is a Nevada limited liability company and each of its members are citizens of Nevada.  Defendant is a Delaware corporation and, upon information and belief, its principal place of business is outside of Nevada.

- 1 -

13265-04/2822517.docx

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in Nevada and the property that is the subject of the action is situated in Nevada.

**Parties**

4.     Plaintiff is a Nevada limited liability company.  Each of Plaintiff's members are citizens of Nevada.

5.     Defendant is a Delaware corporation and, upon information and belief, its principal place of business is outside of Nevada.

**General Allegations**

6.     Plaintiff owns land in Lincoln County, Nevada (the "Property").

7.     On or about June 5, 2020, Fireworks by Grucci, Inc. ("Grucci") entered into a lease agreement with Plaintiff for the purpose of a fireworks demonstration to be held sometime between June 19, 2020 and June 24, 2020 (the "Lease").

8.     Pursuant to the Lease, Grucci was required to obtain and maintain public liability, general liability, commercial liability and property damage insurance naming Plaintiff as an additional insured with aggregate limits not less than $1,000,000.00 and no exclusions for pyrotechnics or fireworks.

9.     Plaintiff was identified as an additional insured on Grucci's insurance policy with Defendant (the "Policy").

10.     During the term of the Lease, Grucci conducted fireworks demonstrations on the Property.

11.     The fireworks demonstrations caused significant fires, which burned approximately 2.59 acres of the Property.

12.     Plaintiff obtained an estimate to repair the damage to the Property totaling $424,887.25.

13.     On December 23, 2020, Grucci submitted a claim under the Policy for the damage caused to the Property.

- 2 -

13265-04/2822517.docx

14.     After conducting an investigation, in early 2021 Defendant agreed to defend and indemnify Grucci without a reservation of rights with regard to the loss.

15.     On August 1, 2022, Plaintiff made a demand upon Defendant under the Policy to cover the loss to the Property totaling $424,887.25.

16.     Although Defendant concluded its investigation into this loss well over a year earlier in response to Grucci's claim, Defendant has failed to even affirm or deny coverage of Plaintiff's claim.

17.     Defendant owes Plaintiff the following duties, among others: (a) a duty to honor the Policy; (b) a duty to affirm or deny coverage within a reasonable time; (c) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claim made by Plaintiff against Defendant; (d) a duty to acknowledge and act reasonably promptly upon communications from Plaintiff; (e) a duty to evaluate the Plaintiff's claim fairly; (f) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonably clear; (g) a duty to act promptly and reasonably in settling the claim; (h) a duty not to put its insureds through unnecessary litigation; (i) a duty to refrain from actions that would injure the Plaintiff's ability to obtain the benefits of the insurance contract; (j) a duty of good faith and fair dealing; and (k) a duty to promptly provide Plaintiff a reasonable explanation of the basis in the insurance policy for the denial of the claim or for an offer to settle or compromise the claim.

18.     Defendant breached its duties owed to Plaintiff by, among other things: (a) failing to honor the Policy; (b) failing to affirm or deny coverage within a reasonable time; (c) failing to conduct a prompt, reasonable and diligent investigation of the claim made against Defendant; (d) failing to acknowledge and act reasonably promptly upon communications from Plaintiff; (e) failing to evaluate the claim fairly; (f) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim; (g) failing to act promptly and reasonably in settling the claim; (h) putting Plaintiff through unnecessary litigation; (i) failure to refrain from actions that would injure the Plaintiff's ability to obtain the benefits of the insurance contract; (j) failing to act

13265-04/2822517.docx

1   in good faith; and (k) failing to promptly provide Plaintiff a reasonable explanation of the basis in

2   the insurance policy for the denial of the claim or for an offer to settle or compromise the claim.

3        19.   As a direct and approximate result of Defendant's breaches of its duties that it owed

4   to Plaintiff, Plaintiff has been deprived of the benefits to which it was entitled and for which it

5   bargained in the Policy, and was forced to incur expenses to obtain the benefits to which it was

6   otherwise entitled and Plaintiff has otherwise been damaged in amounts to be determined at trial.

7        20.   Defendant breached its duties owed to Plaintiff without a reasonable basis in fact

8   or law.

9        21.   Defendant breached its duties owed to Plaintiff in bad faith and for the purpose of

10  denying the benefits of contract to Plaintiff.

11       22.   Defendant breached its duties owed to Plaintiff in an unlawful attempt to force

12  Plaintiff to accept less money than the amount due under the Policy.

13       23.   Defendant's actions herein constitute bad faith insurance practices.

14       24.   Defendant engaged in unfair practices pursuant to NRS 686A.310 and otherwise

15  violated Nevada law.

16  **FIRST CAUSE OF ACTION**

17  **(Breach of Contract)**

18       25.   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs

19  of this Complaint as though said paragraphs were fully set forth herein.

20       26.   There is a valid and existing insurance agreement between Plaintiff and Defendant.

21       27.   Plaintiff performed or was excused from performance under the agreement.

22       28.   Defendant breached the agreement by, inter alia, refusing to properly compensate

23  Plaintiff pursuant to the agreement.

24       29.   Plaintiff sustained damages as a result of Defendant's breach of the agreement in

25  excess of $75,000.

26       30.   Plaintiff has been required to retain the services of an attorney to prosecute this

27  action and is entitled to attorney fees and costs.

- 4 -

13265-04/2822517.docx

**SECOND CAUSE OF ACTION**

**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)**

31.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

32.     There is implied in every contract a covenant of good faith and fair dealing.

33.     Plaintiff and Defendant are parties to a valid and existing insurance agreement.

34.     Defendant owed Plaintiff a duty of good faith and fair dealing.

35.     Defendant breached its duty of good faith and fair dealing by engaging in the misconduct alleged herein.

36.     Plaintiff sustained damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing in excess of $75,000.

37.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to attorney fees and costs.

**THIRD CAUSE OF ACTION**

**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)**

38.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

39.     There is implied in every contract a covenant of good faith and fair dealing.

40.     Plaintiff and Defendant are parties to a valid and existing insurance agreement.

41.     Defendant owed Plaintiff a duty of good faith and fair dealing.

42.     As an insurer, Defendant owed Plaintiff a fiduciary-like duty and there was a special element of reliance by Plaintiff.

43.     Defendant breached its duty of good faith and fair dealing by engaging in the misconduct alleged herein.

44.     Plaintiff sustained damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing in excess of $75,000.

/ / /

13265-04/2822517.docx

45.     Plaintiff is further entitled to punitive damages as a result of Defendant's intentional or conscious disregard of Plaintiff's rights.

46.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to attorney fees and costs.

**FOURTH CAUSE OF ACTION**

**(Bad Faith)**

47.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

48.     Defendant refused to pay Plaintiff's claim without any reasonable basis.

49.     Defendant knows and is aware that there is no reasonable basis to refuse to pay Plaintiff's claim.

50.     The acts and omissions of Defendant as complained of herein, and yet to be discovered in this matter, constitute bad faith.

51.     Plaintiff sustained damages as a result of Defendant's bad faith in excess of $75,000.

52.     Plaintiff is further entitled to punitive damages as a result of Defendant's intentional or conscious disregard of Plaintiff's rights.

53.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to attorney fees and costs.

**FIFTH CAUSE OF ACTION**

**(Unfair Practices)**

54.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

55.     Defendant engaged in unfair practices, including (a) failing to honor the Policy; (b) failing to affirm or deny coverage within a reasonable time; (c) failing to conduct a prompt, reasonable and diligent investigation of the claim made against Defendant; (d) failing to acknowledge and act reasonably promptly upon communications from Plaintiff; (e) failing to

13265-04/2822517.docx

1  evaluate the claim fairly; (f) failing to attempt in good faith to effectuate a prompt, fair and

2  equitable settlement of the claim; (g) failing to act promptly and reasonably in settling the claim;

3  (h) putting Plaintiff through unnecessary litigation; (i) failure to refrain from actions that would

4  injure the Plaintiff's ability to obtain the benefits of the insurance contract; (j) failing to act in good

5  faith; and (k) failing to promptly provide Plaintiff a reasonable explanation of the basis in the

6  insurance policy for the denial of the claim or for an offer to settle or compromise the claim.

7      56.      Plaintiff sustained damages as a result of Defendant's unfair practices in excess of

8  $75,000.

9      57.      Plaintiff is further entitled to punitive damages as a result of Defendant's intentional

10  or conscious disregard of Plaintiff's rights.

11      58.      Plaintiff has been required to retain the services of an attorney to prosecute this

12  action and is entitled to attorney fees and costs.

13                            **SIXTH CAUSE OF ACTION**

14                                **(Declaratory Relief)**

15      59.      Plaintiff repeats and realleges the allegations contained in the preceding paragraphs

16  of this Complaint as though said paragraphs were fully set forth herein.

17      60.      There exists an actual controversy between Plaintiff and Defendant regarding the

18  parties' respective rights, duties and obligations under the Policy and Nevada law.

19      61.      Plaintiff seeks a judicial determination and declaration of the parties' respective

20  rights, duties and obligations under the Policy and Nevada law.

21      62.      A declaratory judgment is needed to clarify and settle the rights, duties and

22  obligations of the parties under the Policy and Nevada law.  This dispute is ripe for judicial

23  determination and the controversy presently exists due to Defendant's wrongful refusal to honor

24  the Policy and its obligations under Nevada law.

25      63.      Plaintiff is therefore entitled to a judicial determination regarding the rights, duties

26  and obligations of the Parties under the Policy and Nevada law.

27  / / /

- 7 -

13265-04/2822517.docx

64.    Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to attorney fees and costs.

## DEMAND

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    Damages in an amount in excess of $75,000;

2.    Punitive damages in an amount to be determined at trial;

3.    Reasonable attorney fees and costs of suit;

4.    Interest at the highest rate allowed by law;

5.    Declaratory relief regarding the rights, duties and obligations of the Parties under the Policy and Nevada law; and

6.    For such other and further relief as the Court may deem just and proper.

Dated this 8th day of September, 2022.

**HOLLEY DRIGGS**

*/s/ F. Thomas Edwards, Esq.*
F. THOMAS EDWARDS, ESQ. (NBN 9549)
JESSICA M. LUJAN, ESQ. (NBN 14913)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

- 8 -

13265-04/2822517.docx